**In re FIRST STATE SECURITIES CORP. Debtor.**

**Bankruptcy No. 81–01207–BKC–TCB.**

United States Bankruptcy Court,
S. D. Florida.

April 1, 1982.

Steven Friedman, Miami, Fla., for trustee.

Lewis Leeds, pro se.

## ORDER ON CLAIM NO. 467 (LEEDS)

THOMAS C. BRITTON, Bankruptcy Judge.

Lewis Leeds has filed a claim for $10,000. It is opposed by the trustee as a SIPC advance under 15 U.S.C. § 78fff–3(a)(5) which provides:

"(5) no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, other than to the extent that it shall be established to the satisfaction of the trustee, from the books and records of the debtor or from the books and records of a broker or dealer or bank, or otherwise, that the net equity claim of such broker or dealer or bank against the debtor arose out of transactions for customers of such broker or dealer or bank (which customers are not themselves a broker or dealer or bank or a person described in paragraph (4)), in which event each such customer of such broker or dealer or bank shall be deemed a separate customer of the debtor."

Leeds is the owner and, admittedly, alter-ego of Standard Securities, which was a registered broker/dealer on November 18, 1980, when a check from that business in the amount of $10,000 was paid to the debtor as a trading deposit. That entity suspended all operations in the fall of 1980 and its registration was terminated in May, 1981. Leeds was registered as a commission representative but was not registered individually as a broker.

It is clear to me that the quoted restriction on SIPC advances is intended to prohibit advances of SIPC funds for the payment of claims for losses sustained by a broker, dealer or bank. The issue, therefore, is the claimant's status at the time the claim arose, not the time the claim was presented in this proceeding. Admittedly, Leeds' alter-ego was a registered broker at that time, and SIPC funds may not be advanced for the satisfaction of that claim, unless it can be established that this claim "arose out of transactions for customers of such broker".

 Leeds has testified that this transaction by his company was actually for his personal benefit and he claims the status of a customer. I reject his contention. As alter-ego of the broker, he cannot enjoy a separate status as a customer for the purpose of this statutory provision. Secondly, the proof offered to show this deposit to be for the benefit of Leeds individually as distinct from his company fails to meet the evidentiary standard established by the quoted exclusion.

The claim is denied for participation in any SIPC advance.